UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANDRE STEADMAN,

                                Plaintiff,

    - v -                                                  Civ. No. 9:04-CV-926
                                                                (TJM/RFT)

MARK DuBRAY, Officer, *et al.*,

                                Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

ANDRE STEADMAN
Plaintiff *pro se*
*Last Known Address:*
Serendipity
977 Bedford Avenue
Brooklyn, New York 11205

HON. ANDREW CUOMO                      MICHAEL McCARTIN, ESQ.
Attorney General of the State of New York     JEFFREY M. DVORIN, ESQ.
Department of Law                               Assistant Attorney Generals
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff Andre Steadman initiated this action *pro se* on August 4, 2004, alleging claims pursuant to 42 U.S.C. § 1983. Recently, two Orders issued by this Court which were mailed to Plaintiff at the address on record have been returned "undeliverable". Dkt. Nos. 51 & 52. Apparently, Plaintiff no longer resides at the address provided to the Court and his current whereabouts are, yet again, unknown.

      While familiarity with the procedural history of this action is presumed, we must note that

in our latest decision in this matter, we denied Defendants' Rule 37 Motion for Sanctions in the form of Dismissal and instead issued a monetary sanction on Plaintiff.[1]  Dkt. No. 50.  We found that Defendants unreasonably incurred fees associated with Plaintiff's scheduled depositions, however, as it was Plaintiff's failure to comply with his responsibilities in notifying the Court and his adversaries of his current address that ultimately contributed to Defendants' plight and the case remaining stagnant on the Court's Docket, we issued a monetary sanction against Plaintiff.  *Id*.  Now, it appears that Plaintiff has yet again been remiss in his responsibilities.

This Court has repeatedly warned Plaintiff of his obligation to keep the Court apprised of a current address.  Given Plaintiff's *pro se* status, we have been extraordinarily lenient and forgiving of his peradventure unfamiliarity with the logistics of litigation.  However, the Court's calendar cannot function properly when recalcitrant or lackadaisical litigants, such as Plaintiff, insist on failing to abide by their responsibilities.  As then District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

This matter cannot proceed without notification to the Court by Plaintiff of his current address.  This Court finds that Steadman's continuing failure to provide this Court with a change of address warrants a recommendation of dismissal.  Courts in the Northern District of New York

---

[1] For a more detailed discussion of the procedural history, reference is made to this Court's February 7, 2007 Order, Dkt. No. 50.

have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996). Since Steadman has once again failed to inform the Court of same, it is hereby

**RECOMMENDED**, that this action be dismissed. *See* N.D.N.Y.L.R. 41.2(b) (dismissal of action appropriate where petitioner fails to notify Court of change of address); and it is further

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order on parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

IT IS SO ORDERED.

Date: March 5, 2007
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge